OLE P. KULBERG *vs.* C. T. GEORGIA.

Opinion filed Nov. 7, 1901.

**Specific Performance of Parole Contract Denied—Complaint Insufficient.**

Plaintiff alleges that in 1897 he made a parol contract with defendant for the purchase of certain real property, the same to be paid for on or before five years from November 1st of said year. He also alleges that said contract was to be reduced to writing after certain improvements were made on the property by plaintiff, and he alleges further that he has made such improvements, but that defendant refuses to sign said written contract, and he prays that he may be compelled to do so. There is no allegation that plaintiff, prior to the commencement of the action, tendered or offered to perform his part of the agreement. *Held,* that the complaint fails to state a cause of action.

**Performance by Plaintiff—Averments Necessary.**

A court of equity will not compel parties to sign contracts; nor will they compel specific derformance of contracts unless plaintiff shows a full performance on his part, or an offer of such performance, and a readiness and willingness to perform, prior to the commencement of the action.

Appeal from District Court, Towner County; *Morgan,* J.

Action by Ole P. Kulberg against C. T. Georgia for specific performance. Judgment for plaintiff. Defendant appeals. Reversed.

*Brennan & Kennedy,* for appellant.

The agency of Brown for Georgia, if one existed, was verbal, no written authority whatever having been given by Georgia to Brown. The agency and alleged contract were repudiated by Georgia in the only letter Brown ever received from him. A real estate broker, with whom lands are listed for sale by the owner, has no authority to make contract for sale thereof, which will bind the owner, in the absence of written authority signed by such owner authorizing him to do so. Subd. 5, § 3887, Rev. Codes; *Ballou* v. *Bergsvendsen,* 83 N. W. Rep. 10, 9 N. D. 285, and cases cited. Where there is an issue as to the existence or contents of a letter to sell realestate the proof must be clear. *Stadelman* v. *Fitzgerald,* 15 N. W. Rep. 234. Kulberg cannot be allowed to take unlawful possession of the land and rely on acts without authority to take a parol contract of an agent out of the statute of frauds. *Pawlak* v. *Granowski,* 55 N. W. Rep. 831; *Condon* v. *Osgood,* 65 N. W. Rep. 1003; *Guldner* v. *Burdock,* 37 Am. Dec. 317. The agreement to take the $600 note was not a waiver of any excess that was over. *Turnley* v. *Michaels,* 18 S. W. Rep. 913.

*Maglone & Middaugh,* (*Bosard & Bosard* of counsel) for respondent.

In the absence of a statute requiring an authority to an agent to sell real estate to be in writing, an oral authorization is sufficient. 1 Am. & Eng. Enc. L. 955. The statute, § 3960, declaring

an agreement for the sale of real property invalid unless the same, or some note or memoranda thereof, is in writing, subscribed by the party to be charged, does not abridge the powers of a court to compel specific performance of the agreement for the sale of real property in case of part performance thereof. Pom. Eq. Jur. § 1409. The possession of Kulberg was constructive notice to Georgia of his rights. *O'Toole* v. *Omlie*, 8 N. D. 444, 79 N. W. Rep. 819.

FISK, D. J. This is an appeal from a judgment rendered by the district court of Towner county, and the case is in this court for trial de novo. The cause of action as stated in the complaint is, briefly, as follows: That on May 24, 1897, defendant was seized in fee simple of certain real property (describing same) ; that on said date plaintiff and defendant entered into a parol agreement whereby the plaintiff agreed to buy and defendant agreed to sell said property for the sum of $750, to be paid for on or before five years from November 1, 1897, that said sale and purchase were made upon crop contract plan and provided among other things that the plaintiff should during the year 1897 break and prepare for crop for the year 1898, 83 acres of said land; that plaintiff did so break said number of acres during said year, and had the same ready for crop at the time of the commencement of this action; that thereafter, in accordance with the terms of said agreement, plaintiff made and executed his certain crop contract for the sale of said lands, in writing, but that said defendant fails, neglects, and refuses to sign, execute, and deliver the same, although due demand has been made that defendant keep and perform his part of said contract; that said agreement provided, among other things, that said defendant should make, execute, and deliver said contract after this plaintiff had broken, backset, plowed, and cultivated said 83 acres, and prepared the same for crop for the year 1898; that immediately after entering into said agreement, and under and by virtue thereof, plaintiff entered into possession of said premises, and ever since has been and now is in possession thereof; and that he is complying with the terms of said contract on his part to be kept and performed, and that plaintiff is still ready and willing to perform all the conditions on his part in said contract to be performed; and the prayer for judgment is that the defendant be compelled to execute to the plaintiff a sufficient contract in writing for the sale to plaintiff of the premises described, and for general relief. The action was tried and judgment rendered in the district court in favor of the plaintiff adjudging, among other things, that defendant make, execute, and deliver to plaintiff forthwith a contract in writing for the sale by him and the purchase by plaintiff of the real property in question, and that such contract do have the same force and effect as though the same had been made and delivered on May 24, 1897. It was further adjudged that, in case of the failure of said defendant to make and deliver forthwith to plaintiff a contract

as above set forth, then the judgment shall operate as such contract and stand in lieu thereof; and adjudging that plaintiff shall be entitled to a deed of said premises upon full performance by him of the terms and conditions of said contract on his part to be kept and performed.

The view we take of the case renders it unnecessary for us to examine any of the questions of law or fact determined by the trial court and we shall refrain from so doing, as the questions cannot properly be litigated in this action. We are of the opinion that the complaint fails to state a cause of action. The relief prayed for and which was granted in the lower court is to compel defendant to execute and deliver to plaintiff a certain written contract for the sale and purchase of real property. Such relief will not be granted. Parties will not be required to make contracts. Courts may enforce, but not make contracts. See 22 Am. & Eng. Enc. Law, p. 932, and cases cited. A court of equity in certain cases will compel specific performance of contracts, but we know of no authority holding that a court of equity will compel parties to sign contracts, and then decree specific performance thereof. The plaintiff must always allege and prove full performance on his part, or a tender and offer of performance, prior to commencing his action. The plaintiff in the case at bar not only has not performed or tendered performance on his part, but the time for such performance had not arrived when this action was commenced. We do not understand that specific performance will be adjudged in advance of the time when performance is required under the terms of the contract, and hence this action is permaturely brought.

Plaintiff's rights, if he has any, under the alleged contract, will not be impaired by lapse of time. He is in possession of the land, and this is notice to the world of whatever rights he may have, and until such time as his cause of action for specific performance accrues he may take proceedings to perpetuate the testimony as to his rights; but, having seen fit to rest the contract in parol, he cannot ask a court of equity to compel the other party to reduce the same to writing, and then, in advance of performance on his part, or tender of such performance, and in advance of the time when performance is required from the defendant under the terms of the contract, ask the court to decree specific performance. We know of no principle authorizing such relief under these facts.

In justice to the learned judge who tried this case in the district court, we desire to say that this point was not raised or suggested in that court.

For the foregoing reasons, the judgment of the district court must be reversed, and the action dismissed; and it is so ordered.

WALLIN, C. J. I concur in the opinion as formulated by Judge FISK, but I deem it my duty to go further, and say that from my standpoint there is no evidence in the record tending to show that the plaintiff has at any time or in any manner entered into any valid agree-

ment with the defendant to buy the land in question upon the terms set out in the complaint. The plaintiff dealt with an alleged agent of the owner of the land, and did not deal with the defendant, who owns the land. I can find no evidence in the record that the alleged agent had any authority to sell the land, resting either in writing or in parol, upon the terms stated in the complaint. As I see it there is no shadow of evidence of any authority to sell the land upon the crop payment plan. I therefore am of the opinion that the plaintiff cannot, under the alleged agreement, acquire title to the land in suit at any time or under any circumstances. Nor, in my opinion, will a court of equity at any time in the future decree a specific performance of the alleged contract.

(88 N. W. Rep. 87.)